UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS MILLAN, on behalf of of himself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CASCADE WATER SERVICES, INC.; and DOES 1 to 50, inclusive,<br>Defendants. | CASE NO.: 1:12-cv-01821-AWI-EPG<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND COLLECTIVE ACTION SETTLEMENT**<br><br>**(Doc. 51)** |

On October 23, 2015, this Court granted conditional Rule 23 class certification[1] and FLSA collective action certification but denied preliminary approval of the proposed class action settlement. The Court went through a thorough examination of the settlement agreement and noted concerns regarding calculation of the rates of occurrence of the Labor Code violations, the claim form submission requirement as to the Rule 23 class, the need to create separate funds for payment of Rule 23 and FLSA claims, and the potential reversion (particularly of FLSA funds). Doc. 47 at 25.

The parties have submitted an amended proposed settlement agreement that wholly ameliorates the Court's concerns. Class Counsel has explained the need for approximation of the

---

[1] In Plaintiff's amended motion for settlement approval, Plaintiff expressed that the parties were uncertain as to whether the Court intended to grant Rule 23 and FLSA certification only for purposes of settlement or without restriction. Because, as the parties note, Plaintiff moved only for certification for purposes of settlement the Court granted certification only for purposes of settlement.

1

violation rates. Declaration of Darren Cohen, Doc. 51-1 ("Cohen Decl.") at ¶¶ 16-18. Next, the amended settlement agreement: eliminates the requirement that class members submit a claim form for the Rule 23 class, Second Joint Stipulation of Class Action Settlement and Release, Doc. 51-2 ("S.A.") at § VI, divides the net settlement fund, allocating 66% to the Rule 23 claims and 34% to the FLSA claims, and eliminates the reversion provision, S.A. at § VI. The amended agreement further provides that the unclaimed FLSA funds will be distributed between all settlement class members on a pro-rata basis. S.A. at § VI. The notice provisions and the substance of the notice provided for in the amended settlement agreement appear to be calculated to impart notice on as many class members as possible of the substance of this action, how to receive settlement payments, and the rights that each settlement class member gives up to do so. Doc 51-2 at 49-59.

As the Court's prior order indicated, the Court "may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." Doc. 47 at 20 (citing *In re Tableware Antitrust Litigation*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007); Manual for Complex Litg., Second § 30.44 (1985)). The Court considered the requirements for preliminary approval in its prior order. It explained that the prior settlement was outside of the range of possible approval only because of the concerns that the parties have since resolved. Based on the Court's review of the amended settlement agreement, it appears that the Parties' amended agreement is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not grant preferential treatment to class representatives, segments of the class, or counsel, and falls within the range of possible approval. For those reasons the amended settlement agreement will be preliminary approved.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for preliminary approval of class and collective action settlement is GRANTED as follows:

    a.  The Settlement Agreement is preliminarily approved as it appears to be fair,

1  adequate, and reasonable to the Class and falls within the range of reasonableness
2  and appears to be presumptively valid. This preliminary approval is subject to any
3  objections that may be raised at the final fairness hearing ("Fairness Hearing"),
4  and granting of Final Approval by the Court. The Court reserves ruling on the
5  reasonableness of Class Counsel's request for attorneys' fees and costs, which is
6  not presently before the Court, until the Fairness Hearing.

b. A Fairness Hearing on the question of whether the proposed Settlement, including the attorneys' fees and costs to Class Counsel, the Class Representative's Service Enhancement Award, the Claims Administration Costs, and the PAGA Payment to the LWDA, should be finally approved as fair, reasonable and adequate as to the members of the Class is scheduled for May 31, 2016, at 1:30 p.m. (Pacific Time), in Courtroom 2 of the above-entitled Court.

c. The Court approves, as to form and content, the Notice of Pendency of Settlement of Class Action; Settlement Hearing; and Opt In and Exclusion Procedures ("Notice") and FLSA Collective Action Member Consent to Join Form (Exhibits "A" and "B") in substantially the forms attached to the Settlement Agreement. The Court approves the procedure for Class Members to request exclusion from, object to, or Opt In to the Settlement Class as set forth in the Notice.

d. The Court directs the mailing of Exhibits A and B in substantially the forms attached to the Settlement Agreement, by first class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds that the dates selected for the mailing and distribution of the Notice, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto and thus satisfies the Federal Rules of Civil Procedure and Constitutional Due Process.

e. The Court approves Nicholas Millan as the Class Representative for settlement purposes only.

    f. The Court confirms Darren M. Cohen of Kingsley & Kingsley, APC as Class Counsel.

    g. CPT Group, Inc. shall serve as the Claims Administrator in this matter.

    h. Finally, the Court orders the following Implementation Schedule for further proceedings:

        i. The Defendant must provide class information to the Claims Administrator by Friday, January 29, 2016.

        ii. The Claims Administrator must mail notices to class members by Tuesday, February 16, 2016.

        iii. For FLSA Opt In Forms, Exclusions, or Objections to be timely, they must be filed by Monday, April 18, 2016.

        iv. Class Counsel must file a Motion for Final Approval of Settlement and Motion for Attorney Fees by Monday, May 16, 2016.

        v. A Final Fairness Hearing is set for Tuesday May 31, 2016 at 1:30 p.m. in Courtroom 2 of the above-entitled Court.

IT IS SO ORDERED.

Dated:   January 13, 2016                                        _____
                                                            SENIOR  DISTRICT  JUDGE